UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIE PETERSON,

        Petitioner,

v.

CHARLES WARREN, et al.,

        Respondents.

Civil No. 13-4250 (JLL)

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Petitioner's submission of his § 2254 Petition, applications to proceed in this matter *in forma pauperis* and to have this matter stayed and held in abeyance while Petitioner litigates his ongoing post-conviction relief proceedings, as well as Petitioner's request to direct production of documents he wishes to obtain. See Docket Entries Nos. 1 and 2.

IT IS on this ___30___ day of ___July___, 2013,

ORDERED that Petitioner's application to proceed in this matter *in forma pauperis*, Docket Entries Nos. 1-3 to 1-5, is granted; and it is further

ORDERED that Petitioner's application, Docket Entry No. 1-1, seeking to have this matter stayed and held in abeyance, while

Petitioner is pursuing post-conviction relief, is granted,[1] but only to the extent that:

a. Petitioner's amended § 2254 petition would be deemed timely if:

   i. Petitioner's instant § 2254 petition was timely when he handed it to his prison officials for mailing to this Court; and, in addition,

   ii. Petitioner files his motion to reopen this matter, together with his amended § 2254 petition, no later than within sixty days from the date of completion of his currently ongoing post-conviction relief proceedings (and, if his post-conviction relief proceedings are not already underway, initiates the same within sixty days from the date of entry of this Memorandum Opinion and

---

[1] Generally, the remedy of stay and abeyance is warranted only if the litigant shows that his unexhausted claims present at least colorable challenges. See Rhines v. Weber, 544 U.S. 269 (2005). However, the case law suggests that, when faced with an ambiguous situation, the district court should, out of abundance of caution, strive to err on the side of ensuring the litigant's opportunity to seek federal habeas review of all claims he wishes to raise. Cf. Urcinoli v. Cathel, 546 F.3d 269, 273-76 (3d Cir. 2008) (detailing equitable bases); see also Gully v. Ortiz, No. 06-5397, 2007 U.S. Dist. LEXIS 77825 (D.N.J. Oct. 19, 2007) (granting petitioner a stay out of abundance of caution, even though he failed to articulate clear grounds for a stay), certif. denied, USCA No. 07-4503 (3d Cir. Feb. 14, 2008).

2

Order), see Rhines v. Weber, 544 U.S. 269, 277 (2005);[2]

and

b.  No statement made in this Memorandum Opinion and Order is construed as expressing this Court's position as to the timeliness or untimeliness of the within petition (or the amended § 2254 petition Petitioner is being allowed to file) in any other respect;[3] and it is further

---

[2] In light of Petitioner's commencement of a Section 2254 action, this Court takes this opportunity to provide Petitioner with notice, pursuant to the holding of Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), of the following consequences of filing such an application under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 application. Under the AEDPA, petitioners challenging the legality of their detention pursuant to a State decision must marshal in one § 2254 application all the arguments they have to collaterally attack that decision and, except in extremely limited circumstances, file this one all-inclusive application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d). Therefore, Petitioner shall state all his habeas claims in his amended petition.

[3] On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period starts to run from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28

ORDERED that Petitioner's applications for production of documents, Docket Entries Nos. 1-2 and 2, are denied;[4] and it is further

---

U.S.C. § 2244(d)(2), provided that the application to the state court seeking collateral review was filed during the federal habeas period of limitations. Thus, the evaluation of timeliness requires, inter alia, a determination of when an application for state post-conviction relief was both "properly filed" and "pending." See Evans v. Chavis, 546 U.S. 189 (2006); Artuz v. Bennett, 531 U.S. 4, 8-9 (2000). Correspondingly, a state application is not "properly filed" or "pending," and statutory tolling does not apply: (1) starting from the point when, under the state law, an inmate's time to appeal denial of post-conviction relief (or to seek certification as to affirmance of such denial) expires and until the point when the inmate's application to file such appeal out of time (or to seek such certification out of time) is granted; and (2) starting from the point when a not-perfected post-conviction relief application (or appeal) was received and until the point when the inmate's submission is duly perfected under the state law requirements. Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.11 (3d Cir. 2013).

[4] If Petitioner wishes this Court to consider, in the instant matter, documents other than those presented to the state courts during Petitioner's state court proceedings, Petitioner's application is barred by Cullen v. Pinholster, -- U.S. --, 131 S. Ct. 1388, 1398-1401 (2011) (the court sitting in habeas review is limited to consideration of the record that was before the state court which adjudicated the claim on the merits and, thus, cannot expand the record, unless a very narrow exception applies). If Petitioner seeks production of documents for the purposes of litigating his post-conviction relief challenges before the state courts, this Court is without authority to so intervene in the state proceedings. Petitioner shall make his application to the state court presiding over his post-conviction relief proceedings. This Court is mindful of Petitioner's displeasure with the state court's clerk's office. See Docket Entry No. 2. However, Petitioner's displeasure does not vest this Court with a mandate to interfere with Petitioner's state action.

ORDERED that the Clerk shall administratively terminate this matter (subject to reopening upon timely receipt of Petitioner's amended petition and accompanying motion seeking reopening of this matter upon completion of Petitioner's state proceeding) by making a new and separate entry on the docket reading "CIVIL CASE ADMINISTRATIVELY TERMINATED";[5] and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon the Petitioner by certified mail, return receipt requested, and shall include in said mailing a blank § 2254 habeas petition form.

_____
JOSE L. LINARES
United States District Judge

---

[5] Petitioner must exhaust state remedies by presenting his federal claims to each level of the state courts empowered to hear those claims. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999); accord 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Notably, the claims presented to the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas review. See Picard v. Connor, 404 U.S. 270, 278 (1971). Reliance on a certain constitutional provision or on a certain factual predicate is not sufficient. See id. at 277; see also Crumbs v. Balicki, No. 10-5426, 2011 U.S. Dist. LEXIS 140603, at *3 (D.N.J. Dec. 7, 2011) (both the legal theory and factual predicate must be the same with regard to each particular claim).