UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIE PETERSON,

        Petitioner,

        v.

CHARLES WARREN, et al.,

        Respondents.

Civil Action No. 13-4250 (JLL)

**MEMORANDUM ORDER**

IT APPEARING THAT:

1. On or about July 10, 2013, Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Alongside his petition, Petitioner also filed a motion requesting that this Court stay his § 2254 petition until such time as he had completed litigating his second state post-conviction relief petition. (Document 1 attached to ECF No. 1).

2. On July 30, 2013, this Court granted Petitioner's motion for stay and abeyance until such time as his second PCR petition had run its course and directing Petitioner that to reopen his case he must file a motion to reopen within sixty days of the conclusion of his second PCR case. (ECF No. 3). In that order, this Court also provided Petitioner with notice pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and informed Petitioner that he was required to raise all grounds for relief in a single, all-inclusive habeas petition. (ECF No. 3 at 3).

3. On or about April 23, 2015, Petitioner filed a motion to reopen his case and requesting leave to file an amended petition within sixty days of the denial of certification as to his second PCR petition. (ECF No. 6).

1

4. As Petitioner has complied with the terms of this Court's July 30, 2013, order (ECF No. 3), this Court will grant his request to re-open his petition and will grant the motion for leave to amend.

5. As this Court has screened Petitioner's amended petition (Document 3 attached to ECF No. 6) pursuant to Rule 4 of the Rules Governing Section 2254 Cases and has determined that it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief," this Court will likewise direct Respondents to answer the amended petition.

IT IS THEREFORE on this 20 day of July, 2015,

ORDERED that the Clerk of the Court shall re-open this matter; and it is further

ORDERED that the Clerk of the Court shall serve a copy of the amended Petition (Document 3 attached to ECF No. 6) and this Order upon Respondents Charles Warren and the Attorney General of the State of New Jersey by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that Respondents shall file a full and complete answer to all claims asserted in the Petition within 45 days of the entry of this Order, *see Ukawabutu v. Morton*, 997 F. Supp. 605 (D.N.J. 1998); and it is further

ORDERED that Respondents' answer shall respond to the factual and legal allegations of the Petition by each paragraph and subparagraph, see Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); and it is further

ORDERED that Respondents shall raise by way of answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and timeliness, and also including, with respect to the asserted defenses, relevant legal arguments with citations to

2

appropriate legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter will be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5 in providing the relevant state court record of proceedings, in particular, the answer "shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall also be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by respondent with the answer." Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts; and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the Petition as to whether the Petitioner has made a substantial showing of the denial of a constitutional right; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list

3

of exhibits; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY";

and it is further

ORDERED that Petitioner may file and serve a reply to the answer within 30 days after Respondents file the answer, see Rule 5(e) of the Rules Governing § 2254 Cases; and it is further

**ORDERED that, within 7 days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court**; and it is further

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail.

_____
Hon. Jose L. Linares,
United States District Judge